### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

### CASE NO.:

THERAPYNOTES, LLC, a Pennsylvania
limited liability company,

      Plaintiff,

v.

ZAPSTAR SOLUTIONS, LLC d/b/a
QUILL THERAPY SOLUTIONS, an Ohio
limited liability company,

      Defendant.

_____/

### **COMPLAINT**

Plaintiff TherapyNotes, LLC ("Plaintiff") files this Complaint against Defendant Zapstar Solutions, LLC d/b/a Quill Therapy Solutions ("Defendant"), and in support states as follows:

### **NATURE OF THE CASE**

1.      This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and for trademark infringement and unfair competition under the common law of the State of Ohio stemming from Defendant's unlawful actions whereby it seeks to capitalize on and benefit from the substantial goodwill and reputation that Plaintiff has built over a decade in its registered THERAPYNOTES trademarks and as a leader in the behavioral health electronic records industry. Plaintiff seeks equitable and monetary relief to remedy the substantial harm they have sustained as a result of Defendant's unlawful acts.

**JURISDICTION AND VENUE**

2.　　This Court has subject matter jurisdiction over this Complaint by virtue of Title 28 U.S.C. §§ 1331 and 1338 because this cause of action is brought pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*.

3.　　The Court has supplemental jurisdiction over the claims arising under the laws of the State of Ohio, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4.　　Venue is proper in this District under 28 U.S.C. § 1391, because Defendant's principal place of business is located in the Northern District of Ohio.

**THE PARTIES**

5.　　Plaintiff TherapyNotes, LLC is a Pennsylvania limited liability company with a primary place of business in Horsham, Pennsylvania.

6.　　Defendant Zapstar Solutions, LLC d/b/a Quill Therapy Solutions is an Ohio limited liability company with a principal place of business in Willoughby, Ohio.

7.　　This Court has personal jurisdiction over Defendant by virtue of, among other bases, its incorporation and principal place of business in Ohio, its transacting of business in the Ohio, its engagement in tortious acts within Ohio and elsewhere, and their overall contacts with the State of Ohio; all commensurate with the United States and Ohio Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

## FACTS RELEVANT TO ALL COUNTS

### I.     The TherapyNotes Trademarks

8.      The TherapyNotes® mental healthcare practice management software is the product of a husband and wife team—Brad Pliner, an IT specialist working with clients in the healthcare industry, and Dr. Debra Pliner, a licensed clinical psychologist.  Through their respective experiences, the Pliners recognized a need for storing mental health patient records, information, and data electronically so they are easy to access, secure, and well-organized. Utilizing Brad's technical expertise and Debra's practical experience, they worked to develop an electronic system that Debra could use in her mental health practice.

9.      After a couple of years enhancing the software and successfully using it, the Pliners decided to build a new application for wide distribution.  They rebuilt the application and named it TherapyNotes®.

10.      TherapyNotes.com launched in November 2010.  Since then, it has grown into a market leader for behavioral health practice management software and is used by thousands of health care providers nationwide.

11.      Since 2010, Plaintiff has established and used two trademarks in conjunction with their business.

12.      The first, "TherapyNotes", consists of the standard characters without any distinction between the font style, size, or color of the characters, as depicted below:

# TherapyNotes

This trademark is referred to herein as the "THERAPYNOTES Word Mark."

13.     The second is an illustrative drawing which includes the words "THERAPYNOTES" on the top portion of a clip board, as depicted below:



This trademark is referred to herein as the "THERAPYNOTES Design Mark" which, together with the THERAPYNOTES Word Mark, are collectively referred to herein as the "THERAPYNOTES Trademarks."

14.     To date, Plaintiff has been using the THERAPYNOTES Trademarks in connection with providing software to consumers in the United States for more than fourteen years. As a result of Plaintiff's longstanding use of the THERAPYNOTES Trademarks, the THERAPYNOTES Trademarks are closely identified with Plaintiff and its mental healthcare practice management software and represent substantial, valuable goodwill.

15.     On December 8, 2017, Plaintiff filed an application with the USPTO for registration of the THERAPYNOTES Word Mark.  The application for the THERAPYNOTES Word Mark was based on use in commerce of the mark as early as February 8, 2010.  The application was assigned Serial No. 87/714,150 (hereinafter, the "'150 Application").  A true and correct copy of the '150 Application is attached hereto as **Exhibit A** and incorporated by reference herein.

16.     Also on December 8, 2017, Plaintiff filed an application with the USPTO to register the THERAPYNOTES Design Mark.  The application for the THERAPYNOTES Design Mark was based on use in commerce of the mark at least as early as February 8, 2010.  The

4

application was assigned Serial No. 87/714,143 (hereinafter, the "'143 Application").  A true and correct copy of the '143 Application is attached hereto as **Exhibit B** and incorporated by reference herein.

17.     On February 14, 2023, the USPTO issued federal trademark registrations on the Principal Register for the THERAPYNOTES Word Mark (Reg. No. 6,976,492) and the THERAPYNOTES Design Mark (Reg. No. 6,976,491) for the following services in International Class 42: "providing software as a service (SAAS) services featuring software for billing, patient management and practice management; providing a website featuring on-line non-downloadable software for billing, patient management and practice management; providing a website featuring temporary use of non-downloadable software for billing, patient management and practice management" (hereinafter, the "THERAPYNOTES Registrations").  True and correct copies of the Certificates of Registration for the THERAPYNOTES Word Mark and the THERAPYNOTES Design Mark are attached hereto as **Exhibits C and D** and incorporated by reference herein.

18.     The THERAPYNOTES Trademarks are inherently distinctive and thus entitled to the highest degree of protection under the law.

19.     The THERAPYNOTES Registrations are *prima facie* evidence of the validity of the THERAPYNOTES Trademarks, Plaintiff's ownership of the THERAPYNOTES Trademarks, and Plaintiff's exclusive right to use the THERAPYNOTES Trademarks in connection with the services listed in the THERAPYNOTES Registrations.  In addition, the THERAPYNOTES Registrations constitute constructive notice to Defendant of Plaintiff's prior and exclusive rights in and to the THERAPYNOTES Trademarks.

20. Further, the THERAPYNOTES Registrations are valid, subsisting, unrevoked, and uncancelled, and the THERAPYNOTES Trademarks covered thereunder and have been continuously used in commerce without abandonment.

## II.    Defendant's Infringing Conduct

21. Defendant, without authorization or permission from Plaintiff, and long after Plaintiff's first use in commerce of the THERAPYNOTES Trademarks, recently started and is continuing to produce, market, advertise, offer for sale, and sell, in direct competition with Plaintiff, a software product for mental health professionals.

22. According to Defendant's website, Quill Therapy Solutions launched in May 2024.  Quill Therapy Solutions has a product called "Quill Therapy Notes," which is "[a]n AI progress note generator [that] takes input from therapists and generates a progress note for a therapy session, which they can then store in their records or [Electronic Health Record] platform."

23. Since approximately May 2024, Defendant has violated Plaintiff's rights in its registered THERAPYNOTES Trademarks by using the mark THERAPY NOTES in connection with Defendant's offering of certain services.

24. For example, Defendant:

a. Lists its services as "Quill Therapy Notes" in various online search engines;

b. Lists its services as "Quill Therapy Notes" on Defendant's website under the website domain "quilltherapynotes.com"; and,

c. States on its website that "Quill Therapy Notes is a product of Quill Therapy Solutions."

25. Defendant's uses of the THERAPY NOTES Trademarks are not merely descriptive or nominative.  Rather, the mark THERAPY NOTES is directly incorporated into

Defendant's branding and product name, as shown in the screenshot from the Quill Therapy Notes website (https://quilltherapynotes.com) depicted below:



   26. Defendant is not, nor has it ever been, affiliated with, sponsored, or licensed by Plaintiff to use the THERAPY NOTES mark in connection with mental health practice management software or any other goods or services.

   27. Because the mark THERAPY NOTES is directly incorporated into Defendant's branding and product name, and given the similarities in the parties respective goods and services and the overlapping customer bases, Defendant's use of the mark THERAPY NOTES is likely to cause confusion among the relevant consuming public as to whether Defendant's product in fact comes from Plaintiff, is affiliated with Plaintiff, or is sponsored or approved by Plaintiff.

   28. Defendant's use of the THERAPY NOTES mark creates the false impression that Defendant's software originates from Plaintiff, or that Plaintiff is somehow connected or associated with Defendant's software or that Defendant's software is somehow approved or endorsed by Plaintiff, so as to deceive customers or to cause confusion or mistake as to the origin or affiliation of Defendant's and Plaintiff's goods and services.

29.     Defendant has never contacted Plaintiff for permission to use or license the THERAPY NOTES mark, or any other marks confusingly similar thereto, for any goods or services, including mental health practice management software.

30.     Plaintiff has written to Defendant to demand that Defendant immediately cease all use of the THERAPY NOTES mark in connection with mental health practice management software.

31.     Defendant is aware of Plaintiff's notification of infringement, as Defendant, through its counsel, has responded to Plaintiff's communication.  Nonetheless, Defendant has failed and refused to cease its unlawful actions.

32.     By using the identical THERAPY NOTES mark for its mental health practice management software, Defendant seeks to confuse the trade and consuming public into believing that Defendant's THERAPY NOTES products are licensed or otherwise approved by Plaintiff or are of the same quality of Plaintiff's services.

33.     Plaintiff has no control over the quality of the goods and services offered by Defendant under the THERAPY NOTES mark.

34.     On information and belief, Defendant therefore knowingly, intentionally, willfully, and maliciously adopted the identical THERAPY NOTES mark for producing, marketing, advertising, and selling its mental health practice management software products, knowing that such use would mislead and deceive the trade and consuming public into believing that Defendant's THERAPY NOTES products are in fact Plaintiff's products or are sponsored, licensed, or otherwise approved by Plaintiff.

35.     On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and recognition associated with the THERAPYNOTES Trademarks.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37.     The THERAPYNOTES Registrations are *prima facie* evidence of the validity of the THERAPYNOTES Trademarks, Plaintiff's ownership of the THERAPYNOTES Trademarks, and Plaintiff's exclusive right to use the THERAPYNOTES Trademarks in connection with the services listed in the THERAPYNOTES Registrations.  In addition, the THERAPYNOTES Registrations constitute constructive notice to Defendant of Plaintiff's prior and exclusive rights in and to the THERAPYNOTES Trademarks.

38.     Further, the THERAPYNOTES Registrations are valid, subsisting, unrevoked, and uncancelled, and the THERAPYNOTES Trademarks covered thereunder and have been continuously used in commerce without abandonment.

39.     Defendant's use of the identical THERAPY NOTES mark for mental health practice management software products is likely to cause confusion, mistake, or deception as to the source, origin, or sponsorship of Defendant's goods in that the trade and the consuming public are likely to believe that Defendant's goods are provided, sponsored, approved, or licensed by Plaintiff, or that Defendant is affiliated, associated, or otherwise legitimately connected with Plaintiff.

40.     The actions of Defendant described above and specifically, without limitation, its unauthorized use of the THERAPY NOTES mark, and confusingly similar

variations thereof, in commerce to advertise, promote, market, and sell mental health practice management software products throughout the United States including Ohio, constitute trademark infringement in violation of 15 U.S.C. §§ 1114.

41.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the THERAPYNOTES Trademarks, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

42.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of its THERAPY NOTES mental health practice management software products, and the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

(a)     Under 15 U.S.C. § 1116, Defendant and its agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be preliminarily and permanently enjoined from:

(i)     Using the THERAPYNOTES Trademarks and any other mark containing or consisting, in whole or in part, of the name "THERAPYNOTES," "THERAPY NOTES," and

any other mark confusingly similar to or colorable imitation of the THERAPYNOTES mark, including, in the advertising, distribution, offering for sale, and/or sale of products or services that may reasonably be encompassed by the THERAPYNOTES mark or which may constitute a natural zone of expansion for Plaintiff;

(ii)     Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the THERAPYNOTES Trademarks;

(iii)     Otherwise infringing the THERAPYNOTES Trademarks;

(iv)     Unfairly competing with Plaintiff or otherwise injuring their business reputation or goodwill in any manner;

(v)     Publishing any telephone, directory, Internet listing, or website, including www.quilltherapynotes.com, using the THERAPYNOTES Trademarks and any other mark containing the name "THERAPYNOTES," "THERAPY NOTES," and any other mark confusingly similar to or colorable imitation of the THERAPYNOTES Trademarks, in the advertising, distribution, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff;

(vi)     Using or registering any domain name which is confusingly similar to the THERAPYNOTES Trademarks in advertising, distribution, offering for sale, and/or sale of a domain name registration, or any other goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff, including, without limitation, the domain name www.quilltherapynotes.com;

(b)     Under 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction all goods, advertisements, labels, signs, prints, boxes, crates, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in their possession or under their control bearing the THERAPYNOTES Trademarks or any other

mark containing the name "THERAPYNOTES," "THERAPY NOTES," or any reproduction, counterfeit, copy or colorable imitation of the THERAPYNOTES Trademarks;

(c)     Under 15 U.S.C. § 1117, Defendant account and pay to Plaintiff damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendant's sale of goods or services under or in connection with the THERAPYNOTES Trademarks and/or the name, and further that the amount of the monetary award be trebled in view of the willful, intentional, and deliberate nature of Defendant's unlawful conduct;

(d)     Find this case to be exceptional pursuant to 15 U.S.C. §1117(a);

(e)     Award Plaintiff its attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(f)     Award Plaintiff such further relief as this Court deems just, proper, and equitable.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

44.     Plaintiff has sold substantial quantities of TherapyNotes® software under the THERAPYNOTES Trademarks over a period of at least fourteen (14) years.   The THERAPYNOTES Trademarks have become impressed upon the minds of the trade and consuming public as identifying Plaintiff's products.

45.     Plaintiff has built a large and valuable business in its use of the THERAPYNOTES Trademarks, and the goodwill associated with Plaintiff, and Plaintiff alone, is of great value to Plaintiff.

46.     As a result of Plaintiff's long, widespread, continuous, and exclusive use of the THERAPYNOTES Trademarks in United States commerce, the THERAPYNOTES Trademarks have developed acquired distinctiveness and secondary meaning in the minds of the trade and the consuming public in the field of behavioral health electronic health records products, and has come to indicate to the trade and the consuming public that related products bearing the THERAPYNOTES Trademarks originate from Plaintiff.  Moreover, Plaintiff has continuously and without interruption, used the THERAPYNOTES Trademarks in United States commerce for more than five (5) years, thereby giving rise to a presumption of distinctiveness and secondary meaning under federal law.

47.     Defendant has used, and is continuing to use, the THERAPYNOTES Trademarks in interstate commerce in connection with the creation, distribution, sale, and advertising of closely-related and/or competing goods, namely, behavioral health electronic health records software and related products, throughout the United States and the world, including in Ohio.

48.     Upon information and belief, Defendant adopted and/or continues to use the THERAPYNOTES Trademarks having full knowledge of Plaintiff's prior rights in and to those marks.  Defendant's unauthorized adoption and/or continued use of the THERAPYNOTES Trademarks constitutes blatant, intentional, willful and wanton trademark infringement and unfair competition.

49.     Through their unauthorized use of the THERAPYNOTES Trademarks, Defendant has caused, and continues to cause, a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant's purported THERAPY NOTES products with Plaintiff.  Furthermore, use of the THERAPY NOTES mark by Defendant is likely

to cause confusion, mistake, and/or deception as to the origin, sponsorship or approval of Defendant's goods by Plaintiff.

50.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has sustained, and will continue to sustain damages unless Defendant is enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

(a)     Under 15 U.S.C. § 1116, Defendant and its agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be preliminarily and permanently enjoined from:

(i)   Using the THERAPYNOTES Trademarks and any other mark containing or consisting, in whole or in part, of the name "THERAPYNOTES," "THERAPY NOTES," and any other mark confusingly similar to or colorable imitation of the THERAPYNOTES Trademarks, including, in the advertising, distribution, offering for sale, and/or sale of products or services that may reasonably be encompassed by the THERAPYNOTES Trademarks or which may constitute a natural zone of expansion for Plaintiff;

(ii)   Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the THERAPYNOTES Trademarks;

(iii)  Otherwise infringing the THERAPYNOTES Trademarks;

(iv)  Unfairly competing with Plaintiff or otherwise injuring their business reputation or goodwill in any manner;

(v)  Publishing any telephone, directory, Internet listing, or website, including www.quilltherapynotes.com, using the THERAPYNOTES Trademarks and any other mark containing the name "THERAPYNOTES" and any other mark confusingly similar to or colorable imitation of the THERAPYNOTES Trademarks, in the advertising, distribution, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff;

(vi)  Using or registering any domain name which is confusingly similar to the THERAPYNOTES Trademarks in advertising, distribution, offering for sale, and/or sale of a domain name registration, or any other goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff, including, without limitation, the domain name www.quilltherapynotes.com;

(b)  Under 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction all goods, advertisements, labels, signs, prints, boxes, crates, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in their possession or under their control bearing the THERAPYNOTES Trademarks or any other mark containing the name "THERAPYNOTES," "THERAPY NOTES," or any reproduction, counterfeit, copy or colorable imitation of the THERAPYNOTES Trademarks;

(c)  Under 15 U.S.C. § 1117, Defendant account and pay to Plaintiff damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendant's sale of goods or services under or in connection with the THERAPYNOTES Trademarks and/or the name, and further that the amount of the monetary award be trebled in view of the willful, intentional, and deliberate nature of Defendant's unlawful conduct;

(d)     Find this case to be exceptional pursuant to 15 U.S.C. §1117(a);

(e)     Award Plaintiff its attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(f)     Award Plaintiff such further relief as this Court deems just, proper, and equitable.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

51.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35, as if fully set forth herein.

52.     This Count arises under an action for damages and injunctive relief pursuant to the acts of trademark infringement and unfair competition under the common laws of the State of Ohio.

53.     Plaintiff has sold substantial quantities of TherapyNotes® software under the THERAPYNOTES Trademarks over a period of at least fourteen (14) years.  The THERAPYNOTES Trademarks have become impressed upon the minds of the trade and consuming public as identifying Plaintiff's products.

54.     Plaintiff has built a large and valuable business in its use of the THERAPYNOTES Trademarks, and the goodwill associated with Plaintiff, and Plaintiff alone, is of great value to Plaintiff.

55.     As a result of Plaintiff's long, widespread, continuous, and exclusive use of the THERAPYNOTES Trademarks in United States commerce, the THERAPYNOTES Trademarks have developed acquired distinctiveness and secondary meaning in the minds of the trade and the consuming public in the field of behavioral health electronic health records products, and has come to indicate to the trade and the consuming public that related products bearing the THERAPYNOTES Trademarks originate from Plaintiff.  Moreover, Plaintiff have continuously

and without interruption, used the THERAPYNOTES Trademarks in United States commerce for more than five (5) years, thereby giving rise to a presumption of distinctiveness and secondary meaning under federal law.

56.     Defendant has used, and is continuing to use, the THERAPYNOTES Trademarks in interstate commerce in connection with the creation, distribution, sale, and advertising of closely-related and/or competing goods, namely, behavioral health electronic health records software and related products, throughout the United States and the world, including in Ohio.

57.     Upon information and belief, Defendant adopted and/or continues to use the THERAPYNOTES Trademarks having full knowledge of Plaintiff's prior rights in and to that mark.  Defendant's unauthorized adoption and/or continued use of the THERAPYNOTES Trademarks constitutes blatant, intentional, willful and wanton trademark infringement and unfair competition.

58.     Through their unauthorized use of the THERAPYNOTES Trademarks, Defendant has caused, and continues to cause, a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant's purported THERAPY NOTES products with Plaintiff.  Furthermore, use of the THERAPY NOTES mark by Defendant is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship or approval of Defendant's goods by Plaintiff.

59.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has sustained, and will continue to sustain damages unless Defendant is enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

(a)    Under 15 U.S.C. § 1116, Defendant and its agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be preliminarily and permanently enjoined from:

(i)    Using the THERAPYNOTES Trademarks and any other mark containing or consisting, in whole or in part, of the name "THERAPYNOTES," "THERAPY NOTES," and any other mark confusingly similar to or colorable imitation of the THERAPYNOTES mark, including, in the advertising, distribution, offering for sale, and/or sale of products or services that may reasonably be encompassed by the THERAPYNOTES Trademarks or which may constitute a natural zone of expansion for Plaintiff;

(ii)    Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the THERAPYNOTES Trademarks;

(iii)    Otherwise infringing the THERAPYNOTES Trademarks;

(iv)    Unfairly competing with Plaintiff or otherwise injuring their business reputation or goodwill in any manner;

(v)    Publishing any telephone, directory, Internet listing, or website, including www.quilltherapynotes.com, using the THERAPYNOTES Trademarks and any other mark containing the name "THERAPYNOTES," "THERAPY NOTES," and any other mark confusingly similar to or colorable imitation of the THERAPYNOTES Trademarks, in the advertising, distribution, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff;

(vi) Using or registering any domain name which is confusingly similar to the THERAPYNOTES Trademarks in advertising, distribution, offering for sale, and/or sale of a domain name registration, or any other goods or services that may reasonably be encompassed by the THERAPYNOTES Trademarks, or which may constitute a natural zone of expansion for Plaintiff, including, without limitation, the domain name www.quilltherapynotes.com;

(b)     Under 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction all goods, advertisements, labels, signs, prints, boxes, crates, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in their possession or under their control bearing the THERAPYNOTES Trademarks or any other mark containing the name "THERAPYNOTES," "THERAPY NOTES," or any reproduction, counterfeit, copy or colorable imitation of the THERAPYNOTES Trademarks;

(c)     Under 15 U.S.C. § 1117, Defendant account and pay to Plaintiff damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendant's sale of goods or services under or in connection with the THERAPYNOTES Trademarks and/or the name, and further that the amount of the monetary award be trebled in view of the willful, intentional, and deliberate nature of Defendant's unlawful conduct;

(d)     Find this case to be exceptional pursuant to 15 U.S.C. §1117(a);

(e)     Award Plaintiff its attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(f)     Award Plaintiff such further relief as this Court deems just, proper, and equitable.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury as to all issues so triable.

Dated:  April 30, 2025                              Respectfully submitted,

                                                    _____
                                                    Johnine P. Barnes
                                                    (Ohio Bar # 00065085)
                                                    Steven J. Wadyka, Jr.
                                                    (*Pro hac vice forthcoming*)
                                                    GREENBERG TRAURIG, LLP
                                                    2101 L Street, N.W., Suite 1000
                                                    Washington, D.C.  20037
                                                    Telephone:  (202) 331-3100
                                                    E-mail:  wadykas@gtlaw.com
                                                    E-mail:  barnesj@gtlaw.com